**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FAMILY ORIENTED COMMUNITY**
**UNITED STRONG, INC.,**

    **Plaintiff,**

v.                                                      **Case No: 8:11-cv-217-30AEP**

**LOCKHEED MARTIN CORPORATION,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on **Plaintiff's Motion for Temporary Restraining Order** (Dkt. No. 21),[1] which is accompanied by the **Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order** (Dkt. No. 22).  Both documents were filed with the Court on March 2, 2011.  Specifically, Plaintiff requests that the Court issue a temporary restraining order ("TRO"), pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 4.05, restraining Defendant from continuing further site activities, including slab removal, until "adequate and sufficient monitoring" has been implemented and a hearing on a preliminary injunction can be heard by the Court.  Plaintiff argues that such demolition and construction activities pose a risk to the surrounding community at the Tallevast, Manatee County site.  Also on March 2, 2011, the Court entered an Endorsed Order (Dkt. No. 25) granting Defendant leave to file a response to Plaintiff's Motion by March 7,

---

[1]Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 21) was referred to the undersigned by the Honorable James S. Moody, Jr. (Dkt. No. 23).

2011. For the reasons stated herein, this Court recommends that Plaintiff's Motion for Temporary Restraining Order be denied.[2]

To receive a temporary restraining order or preliminary injunctive relief, the moving party must demonstrate:

(1) a substantial likelihood of success on the merits;

(2) that irreparable injury will be suffered if the relief is not granted;

(3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and

(4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). A temporary restraining order should only be issued in "extraordinary situations." *United States v. Kaley*, 579 F.3d 1246, 1264 (11th Cir. 2009). Additionally, Rule 65(b)(1) permits the issuance of a temporary restraining order only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Local Rule 4.05 further provides that the moving party must show not only that it is threatened by irreparable injury, but "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible."

Here, even assuming Plaintiff has demonstrated a substantial likelihood of success on the merits, the Court would like to emphasize that the underlying action is a breach of contract claim. As Defendant argues, Plaintiff's Motion bears only a tenuous connection to its contract

---

[2]Before this case was removed to federal court, the Florida circuit court in Manatee County denied Plaintiff's first motion for temporary injunctive relief, which was based on similar arguments.

claim.[3] In order to prevail on such a claim under Florida law, a plaintiff is required to plead and establish: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."[4] *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). In this case, the remedy for Defendant's alleged breach of contract would be monetary damages, of an amount which Plaintiff has outlined in its Complaint. (Dkt. No. 3). Although the Court recognizes Plaintiff's concerns regarding the alleged effects Defendant's actions might have on the environment and surrounding community, such concerns are not the basis of the breach of contract action. Rather, Plaintiff alleges that Defendant materially breached the contract by failing to make certain payments to Plaintiff, which would have funded monitoring of the slab removal. Thus, the essence of the breach is strictly monetary in nature. When the temporary relief sought does not address the ultimate right asserted by the plaintiff, injunctive relief is not supported. *See Haitian Refugee Center, Inc. v. Baker*, 949 F.2d 1109, 1111 (11th Cir. 1991). Here, Plaintiff has not established a sufficient nexus between the temporary relief sought (enjoining slab removal and other preparations for the environmental clean-up of the site) and the ultimate relief sought (monetary damages for breach of contract).

In addition, the Eleventh Circuit has stressed that the threat of irreparable harm is an absolute prerequisite to the issuance of injunctive relief. A showing of irreparable harm is "the *sine qua non* of injunctive relief." *Northeastern Florida Chapter v. City of Jacksonville*,

---

[3] The first element that Plaintiff must establish to justify issuance of a temporary restraining order, a substantial likelihood that it will eventually prevail on the merits, necessarily implies that there must be a close nexus between the conduct sought to be restrained and the ultimate relief sought in the underlying lawsuit. The Court does not find that such nexus exists here.

[4] Defendant has moved to dismiss this case for failure to state a viable claim for breach of contract (Dkt. No. 7), which is pending before the Court.

896 F.2d 1283, 1285 (11th Cir. 1990).  The Supreme Court has held that "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 88, 94 S.Ct. 937, 952, 39 L.Ed.2d 166 (1974).  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.  *Id.* at 90.  Therefore, temporary deprivation of money, in and of itself, cannot constitute irreparable harm.  *Jarro v. United States*, 835 F. Supp. 625, 630 (S.D. Fla. 1992).  Rather, an injury is irreparable only if it cannot be undone through monetary remedies. *Northeastern Florida Chapter,* 896 F.2d at1285.  "If a temporary deprivation of money, in and of itself, could constitute irreparable harm, every claim for compensatory damages could establish irreparable harm." *Jarro*, 835 F. Supp. At 630.  As Plaintiff can recover monetary damages if it ultimately prevails in this case, a temporary restraining order is inappropriate here.

Additionally, even assuming that the alleged effects of Defendant's actions on the surrounding community are related to the underlying breach of contract action (which the Court is not inclined to do), Plaintiff has not demonstrated with sufficient particularity or support the immediate irreparable harm it will suffer without injunctive relief. *See* Fed. R. Civ. P. 65(b)(1)(A); *see* Local Rule 4.05(b)(2) ("The motion must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits.").  Rather, Plaintiff broadly states that it desired additional monitoring to obtain information on the contaminants in the soil, more knowledge to educate the community during the slab removal process, and the opportunity to do its own tests onsite for soil-related and groundwater matters. (Dkt. No. 22 at 8).  Plaintiff alleges that the community is harmed because they have

4

not been provided the knowledge and protection "at the same level that would be obtained had the contract not been breached." (Dkt. No. 22 at 8). These alleged injuries, though perhaps real, are not so imminent that a temporary restraining order is necessary. *See* Local Rule 4.05(2). In addition, Plaintiff offers no expert or other competent evidence of any risk of harm, much less any risk of immediate irreparable harm. "[I]njunctions will not be used merely to allay the fears and apprehensions or to soothe the anxieties of the parties." *Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1326, 1338 (S.D. Fla. 2001). Here, Plaintiff asserts nothing more than mere speculation to justify its request for injunctive relief.

Although Plaintiff would prefer to hire its own company to monitor the slab removal, Plaintiff has acknowledged that Defendant has engaged and contracted with ENVIRON to perform these services. (Dkt. No. 22 at 4). As such, Defendant is not proceeding without supervision. In fact, the extent of the monitoring is based on recommendations made by Plaintiff's consultant, Dr. James Poole. (Dkt. No. 27, Ex. 1). For the current removal of concrete slabs, Defendant's remediation project manager worked with Dr. Poole to coordinate ambient air monitoring for particulate, crystalline silica, beryllium dust, and volatile organic compounds. (Dkt. No. 27, Ex. 1). Monitoring began when slab removal started on February 23, 2011 and is set to continue until the completion of the slab removal activities. (Dkt. No. 27, Ex. 1). Although Plaintiff may desire a different monitoring system to oversee Defendant's site activities, or perhaps simply more control of the oversight, such desire does not warrant injunctive relief at this time. Plaintiff has offered no evidence that it is being harmed by the current monitoring protocol or that Defendant's monitoring alters the status quo in the underlying breach of contract action.

5

Finally, Plaintiff has not demonstrated that any alleged harm is "imminent." Where the alleged activities have been ongoing, a plaintiff is unable to meet its burden to demonstrate irreparable and imminent injury. *See Chase Manhattan Bank v. Dime Sav. Bank*, 961 F. Supp. 275, 276 (M.D. Fla. 1997) (activity that had been occurring since the previous year was neither irreparable nor imminent). Removal of the slab began on February 23, 2011, and Plaintiff filed its Motion for Temporary Restraining Order on March 2, 2011, nearly a week later. However, Defendant's project manager stated in his affidavit that Plaintiff was apprised of the upcoming slab removal on February 17, 2011. (Dkt. No. 27, Ex. 1). As such, Plaintiff's Motion for "emergency" action should have been filed weeks earlier. The Court would like to emphasize that "[e]quitable remedies such as injunctive relief are not liberally granted, but are rather saved for those extraordinary circumstances when drastic relief is necessary to preserve the status quo." *Bannum, Inc. v. City of Fort Lauderdale*, 657 F. Supp. 735, 736 (S.D. Fla. 1986). Plaintiff has not presented the Court with one of those extraordinary circumstances.

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 21) be **DENIED**.[5]

**IT IS SO REPORTED** at Tampa, Florida this 8th day of March, 2011.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

---

[5] In addition, the Court recommends that Defendant's request for an award of costs and attorneys' fees be denied.

6

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within **five (5) days** from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).

Copies furnished to:

Hon. James S. Moody, Jr.

Counsel of Record